IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

OPENLANDS, an Illinois not-for-profit )
corporation; and SIERRA CLUB, a )
California non-for-profit corporation, )
                                      )
        Plaintiffs, )
                                        )
v. )   CASE NO. 1:14-CV-3912
                                        )
ILLINOIS DEPARTMENT OF )   HON. MARVIN E. ASPEN
TRANSPORTATION, an Illinois State )
agency; ANN L. SCHNEIDER, in her )
official capacity as Secretary of the Illinois )
Department of Transportation; BOARD OF )
THE CHICAGO METROPOLITAN )
AGENCY FOR PLANNING, an Illinois )
municipal corporation; and MPO POLICY )
COMMITTEE, an Illinois public agency, )
                                        )
        Defendants. )

**<u>RESPONSE OF DEFENDANTS ILLINOIS DEPARTMENT OF
TRANSPORTATION AND ANN L. SCHNEIDER, SECRETARY,
IN OPPOSITION TO MOTION TO REMAND</u>**

## I.      Introduction

Plaintiffs contend that Defendants violated the Illinois Regional Planning Act. Because

that Act expressly requires compliance with the Federal-Aid Highway Act by state and local

agencies, Plaintiffs' claims necessarily allege that Defendants violated federal law. Therefore,

this Court has original jurisdiction over this case because it constitutes a civil action arising

under the laws of the United States. 28 U.S.C. § 1331. Plaintiffs, however, have moved to

remand the case, arguing that it arises exclusively under state law and that they lack standing to

maintain a taxpayer lawsuit in federal court. Neither argument has merit.

Plaintiffs' first argument fails because it relies on the false premise that Defendants are attempting to use a preemption defense as the grounds for removal. Defendants do not claim that this case belongs in federal court because the Illinois Regional Planning Act is preempted by the Federal-Aid Highway Act. Rather, this case belongs in federal court because the Illinois Regional Planning Act expressly requires compliance with the Federal-Aid Highway Act, and interpreting that federal law is necessary to resolve Plaintiffs' claims. Therefore, Plaintiffs' claims present an embedded federal question, as set forth in *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308 (2005)—a case Plaintiffs do not even address.

Plaintiffs' second argument fails because Plaintiffs submitted affidavits purporting to establish their standing. In those affidavits, Plaintiffs make representations that Defendants' actions will harm them in individualized, concrete ways, not just as taxpayers. Accordingly, Plaintiffs have submitted evidence to support their standing that is independent of their status as taxpayers. Accordingly, this Court should deny Plaintiffs' Motion to Remand.

## II.     Plaintiffs' Complaint Presents an Embedded Federal Question.

### A.     Plaintiffs' Claims Arise Under the Federal-Aid Highway Act.

Plaintiffs' Verified Amended Complaint for Declaratory and Injunctive Relief ("Amended Complaint") requests a declaration that Defendants' actions to develop the Illiana Corridor Project violate the Illinois Regional Planning Act. Plaintiffs also seek an injunction prohibiting the expenditure of funds to build the Illiana Corridor Project. While Plaintiffs characterize their claims as arising under the Illinois Regional Planning Act, other allegations in the Amended Complaint, along with the structure of the Illinois Regional Planning Act, show that Plaintiffs' claims necessarily raise a substantial question of federal law.

Many of the allegations in the Amended Complaint describe the requirements the Federal-Aid Highway Act imposes on projects receiving federal financial assistance. (Amended Complaint ¶¶ 23–28.) Illinois has implemented the Federal-Aid Highway Act's requirements, in part, through the Illinois Regional Planning Act, 70 Ill. Comp. Stat. 1707/1–1707/99. As Plaintiffs explain in their Amended Complaint, the Illinois Regional Planning Act expressly requires compliance with federal law in the obligations it imposes on state and local agencies. (Amended Complaint ¶ 20 ("That process shall comply with all applicable federal requirements." (quoting 70 Ill. Comp. Stat. 1707/60(c))).) Because Plaintiffs acknowledge that the requirements of Illinois state law are based upon and required by the Federal-Aid Highway Act, when Plaintiffs allege that Defendants violated the Illinois Regional Planning Act, they also necessarily allege that defendants violated federal law.

**B.     Plaintiffs' Characterization of the Claims Does Not Defeat Jurisdiction.**

A federal court may exercise federal-question jurisdiction over a claim nominally brought under state law if the claim "necessarily raise[s] a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities." *Grable & Sons Metal Prods., Inc. v. Darwe Eng'g & Mfg.*, 545 U.S. 308, 314 (2005). In that case, the Supreme Court affirmed a district court's exercise of jurisdiction over a quiet-title action where the only issue was whether the Internal Revenue Service provided adequate notice of a tax sale. *Id.* The plaintiff claimed that it had not received adequate notice of a tax sale of its property. *Id.* at 311. The defendant removed the case to federal court on the ground that the plaintiff's claim to superior title depended on the interpretation of the notice statute in the Internal Revenue Code. *Id.*

The Supreme Court held that the district court properly exercised jurisdiction because "[w]hether Grable was given notice within the meaning of the federal statute is thus an essential element of its quiet title claim, and the meaning of the federal statute is actually in dispute . . . ." *Id.* at 315. The Court further held that "[t]he meaning of the federal tax provision is an important issue of federal law, that sensibly belongs in a federal court." *Id.* Finally, the Court concluded that exercising jurisdiction would not disrupt the balance of labor between state and federal courts "because it will be the rare state title case that raises a contested matter of federal law." *Id.*

Subsequent lower court decisions have applied *Grable & Sons* to find that removal to federal court is appropriate in circumstances similar to the present action. In those cases, while the plaintiffs seemingly alleged claims based strictly on state law, the federal courts found that they nevertheless had jurisdiction because the state law claims in question necessarily raised a substantial question of federal law that was properly resolved in a federal forum.

In *Rhode Island Fisherman's Alliance, Inc. v. Rhode Island Department of Environmental Management,* the First Circuit concluded that a district court properly exercised jurisdiction over a lawsuit filed by a fisherman's trade organization challenging new regulations imposed by the Rhode Island Department of Environmental Management. 585 F.3d 42, 49 (1st Cir. 2009). Although the complaint challenged only the state regulations, the court concluded that federal courts had jurisdiction over the lawsuit because the main issue in the case concerned whether federal law required the Department of Environmental Management to enact the regulations. *Id.* at 51.

In *In re Pharmaceutical Industry Average Wholesale Price Litigation*, the State of Arizona filed a lawsuit on behalf of its Medicare beneficiaries alleging that certain pharmaceutical companies violated state law by misrepresenting prescription drug prices. 457 F.

Supp. 2d 77 (D. Mass. 2006). When the defendants removed the case to federal court, Arizona moved to remand, contending that the suit arose solely under the Arizona Consumer Fraud Act and the Arizona Racketeering Act. *Id.* at 78. The district court denied the plaintiff's motion to remand, concluding that "the meaning of [Average Wholesale Price] in the federal Medicare statute is a substantial federal issue that properly belongs in federal court. The government has a strong national interest in prohibiting fraud upon Medicare beneficiaries because fraudulent acts threaten Medicare's integrity." *Id.* at 80.

**C.    This Case Satisfies the Requirements for Federal Jurisdiction.**

In this case, as in the cases described above, the principal issue concerns the interpretation of federal law. Here, the Illinois Regional Planning Act expressly imposes an obligation to comply with all requirements of the Federal-Aid Highway Act. Accordingly, the Amended Complaint necessarily raises a federal issue. Plaintiffs' claims, therefore, arise under the laws of the United States, and this Court may exercise subject matter jurisdiction under 28 U.S.C. § 1331. *Grable & Sons Metal Prods., Inc.*, 545 U.S. at 314.

Specifically, Plaintiffs' claims concern the approval of amendments to the long-range Metropolitan Transportation Plan ("MTP") and short-range Transportation Improvement Program ("TIP") for the Chicago metropolitan area to include the Illiana Corridor Project.   Both the MTP and the TIP are creatures of federal law, required to be developed and approved by the local Metropolitan Planning Organization ("MPO") (here, the MPO Policy Committee) pursuant to the Federal-Aid Highway Act, in order to qualify for federal transportation funding.  *See generally* 23 U.S.C. § 134 ("metropolitan transportation planning"); 23 C.F.R. § 450.300 *et seq.* (metropolitan transportation planning regulations). The statutory provision on which Plaintiffs base their state law claims, Section 60 of the Illinois Regional Planning Act, specifically

concerns the procedures for "making the transportation decisions that require final MPO approval *pursuant to federal law*" (including the MTP and TIP), and expressly states that those procedures "shall comply with *all applicable federal requirements*" – *i.e.*, the Federal-Aid Highway Act, which both creates the requirement for the MTP and TIP and specifies how they are to be developed and approved.[1] 70 Ill. Comp. Stat. 1707/60 (emphasis added). Thus, in alleging that the MPO's approval of amendments to the MTP and TIP violates Section 60 of the Illinois Regional Planning Act, the Plaintiffs have necessarily raised a substantial question of federal law concerning compliance with the metropolitan transportation planning requirements of the Federal-Aid Highway Act.

The Federal-Aid Highway Act provides a comprehensive scheme of funding for highway projects involving billions of dollars. It involves a vital national interest and should, therefore, receive a consistent interpretation by the courts of the United States. Further, litigation over whether agency procedures comport with the Federal-Aid Highway Act, as required by the Illinois Regional Planning Act, will be rare. Therefore, the exercise of jurisdiction will not disturb any congressionally approved balance of federal and state judicial responsibilities. *Id.* Hearing this case will not substantially increase litigation in federal courts or otherwise disrupt the balance of functions assigned to state and federal courts. This case involves a discrete issue of federal law, with which compliance is expressly required pursuant to Illinois statute.

Defendants' Notice of Removal made it clear that Defendants were removing the case to this Court on the ground that it raises an embedded federal question, and the Notice of Removal cited *Grable & Sons*. Plaintiffs' Motion to Remand, however, does not attempt to distinguish—

---

[1.] Plaintiffs implicitly recognize this fact in their extensive recitation of the requirements of the Federal-Aid Highway Act in their Amended Complaint, ¶¶ 23-28, and their specific reference to what the "Illinois Regional Planning Act and the FAHA" require for the approval of federal highway projects in northeastern Illinois. Amended Complaint ¶ 27.

or even address—*Grable & Sons*. Rather, Plaintiffs mistakenly contend that Defendants "attempt to argue that the relevant Illinois state laws in some way conflict with federal laws and should not be enforced." (Memorandum of Law in Support of Plaintiffs' Motion to Remand to State Court at 6.) Because Illinois state law expressly incorporates federal law, preemption is not the issue. The issue is whether Defendants properly complied with the requirements of the Federal-Aid Highway Act, as prescribed by the Illinois Regional Planning Act. That question should be answered by this Court.

Defendants acknowledge that the mere presence of a federal issue in a lawsuit is not sufficient to create federal question jurisdiction. As already mentioned, the existence of a federal defense to a state-law cause of action does not create federal jurisdiction. Further, courts have held that a state-law negligence claim does not arise under federal law simply because a federal statute or regulation may be relevant to determining whether a defendant complied with the applicable standard of care. *E.g.*, *Gunn v. Minton*, 133 S. Ct. 1059, 1065 (2013) (holding that a legal malpractice claim does not arise under federal patent law, even if patent law is relevant to assessing the attorney-defendant's professional conduct).

Finally, as illustrated by a recent decision of the U.S. Court of Appeals for the Seventh Circuit, a federal court may not exercise jurisdiction if the complaint does not necessarily raise a federal issue or if adjudicating the case will disrupt the congressionally authorized balance of responsibilities between state and federal courts. *Hartland Lakeside Joint No. 3 Sch. Dist. v. WEA Ins. Corp.*, No. 13-3787, 2014 WL 2915919 (June 27, 2014). In that case, the Seventh Circuit reversed a district court's order denying the plaintiffs' motion to remand plaintiffs' complaint alleging conversion. The plaintiffs alleged that the defendant insurance company's handling of premiums constituted conversion under Wisconsin law. The defendant contended

that the case belonged in federal court because the funds at issue were received by the defendant on behalf of the plaintiffs pursuant to the federal Patient Protection and Affordable Care Act and the defendant's handling of those funds complied with the requirements of the Act.

The Seventh Circuit disagreed, noting that even if the defendants complied with federal law, their conduct could still violate state law, which was the crux of plaintiffs' action. Therefore, the "suit does not 'necessarily' raise any issue of federal law." *Id.* at *3. The Seventh Circuit contrasted the case before it to the situation in *Grable & Sons*, in which it was impossible to decide the state law claim without deciding whether federal legal requirements were followed. *Id.* at *6. Characterizing *Grable & Sons,* the court said, "Deciding an issue of federal law was inescapable, and the national government itself was vitally concerned with the outcome . . . ." *Id.* Similarly, in this case, because compliance with the Federal-Aid Highway Act is expressly required by Section 60 of the Illinois Regional Planning Act, which is the crux of Plaintiffs' action, deciding an issue of federal law – compliance with the federal act – is inescapable. Moreover, the national government itself is vitally concerned with the outcome, as the interpretation of the federal transportation planning statute will affect the expenditure of billions in federal transportation dollars.

The Seventh Circuit also concluded that treating every dispute about the handling of insurance premiums as an issue of federal law "would disrupt the state-federal allocation approved by Congress in the McCarran-Ferguson Act and ERISA," particularly in light of the preeminent position given to states in the domain of insurance regulation pursuant to federal law. *Id.* at *6-7. As noted previously, the Federal-Aid Highway Act is a comprehensive scheme of funding for highway projects involving billions of dollars. The claims in this case relate solely to the approval of transportation planning documents required pursuant to that Act, and the

federal issues raised under the Act are significant and should be heard in federal court. By contrast, there are no significant state-law issues because state law here simply implements and incorporates the requirements of federal law. Nor is the exercise of federal jurisdiction in this case likely to open the floodgates of litigation in federal court; plaintiffs' claims are unusual and unlikely to be replicated elsewhere. Accordingly, this case belongs in federal court.

### III. Plaintiffs Have Alleged Injuries Independent of Their Status as Taxpayers.

Plaintiffs also argue that they lack standing to pursue Count II of their Amended Complaint in federal court. In Count II, Plaintiffs seek to restrain the Illinois Department of Transportation from disbursing any funds to develop the Illiana Corridor Project, contending that its development violates the Illinois Regional Planning Act. In their Amended Complaint, Plaintiffs contend that they have standing to enjoin the Illinois Department of Transportation under 735 ILCS 5/11-301. That statute provides that "[a]n action to restrain and enjoin the disbursement of public funds by any officer or officers of the State government may be maintained either by the Attorney General or by any citizen and taxpayer of the State." *Id.* Plaintiffs further contend that because they seek relief under an Illinois statute authorizing taxpayer suits, their claim is not justiciable in this Court.

It is generally true that a state law authorizing taxpayer lawsuits, by itself, does not give a plaintiff a personal stake in litigation sufficient to satisfy the standing requirements of Article III. *See DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 346 (2006). In this case, however, Plaintiffs do not rely exclusively on the Illinois taxpayer statute to establish their standing. When Plaintiffs filed their Petition for Leave to File Amended Complaint to Enjoin Disbursement of Public Funds of the State, they submitted affidavits from their members that allege specific injuries the members contend they will suffer.

For example, Steve Baker states that he is a member of the Sierra Club and that he enjoys hiking at Midewin National Tallgrass Prairie ("Midewin"). (Declaration of Steve Baker ¶¶ 4 & 9.) Mr. Baker further states that he is "concerned that noise and air pollution from traffic on the [Illiana Corridor Project] would negatively impact my use and enjoyment of Midewin." (*Id.* ¶ 10.) Similarly, Rita Renwick, a member of Openlands, states that she volunteers at Midewin monitoring wildlife, transferring plants, collecting seeds, clearing trails, and leading birding and bicycling tours. (Affidavit of Rita Renwick ¶¶ 4 & 8.) Ms. Renwick states that she is concerned that the construction and operation of the Illiana Corridor Project "will create noise, light, and air pollution, all of which will negatively affect my, and others', experience of Midewin." (*Id.* ¶ 13.) The other affidavits Plaintiffs submitted include similar statements.

While Defendants disagree that the Illiana Corridor Project will have the effects feared by the members of Plaintiffs' organizations, for purposes of determining whether Plaintiffs have Article III standing, those statements constitute allegations of harm sufficient to support Plaintiffs' standing for purposes of establishing federal jurisdiction. To satisfy the Article III standing requirement, a party "must allege personal injury fairly traceable to the defendants' allegedly wrongful conduct and likely to be redressed by the requested relief." *Allen v. Wright*, 468 U.S. 737, 750 (1984). When, as here, organizations file a lawsuit, those organizations may establish standing by showing: "(a) its members would otherwise have standing to sue in their own right; (b) the interests it seeks to protect are germane to the organization's purpose; and (c) neither the claim asserted nor the relief requested requires the participation of individual members in the lawsuit." *Hunt v. Washington State Apple Advertising Commission,* 432 U.S. 333, 343 (1977).

Here, Plaintiffs allege that their members are in danger of suffering a particular, concrete injury that is independent of their status as taxpayers. The alleged injury—diminished enjoyment and use of wildlife and recreational areas—is germane to the purposes of Plaintiffs and does not require the participation of individual members. Thus, whatever the merits of Plaintiffs' allegations, there exists a basis for jurisdiction independent of Plaintiffs' status as taxpayers.

## IV.    Conclusion

Plaintiffs' claims present a substantial and contested federal issue that should be decided in the federal courts and that can be decided in the federal courts without disturbing the balance between state and federal judicial responsibilities. Further, Plaintiffs have alleged that they are suffering a concrete injury, independent of their status as taxpayers and, therefore, have standing to pursue their claim for injunctive relief in federal court. Therefore, this Court should deny Plaintiffs' Motion to Remand and retain jurisdiction over this case.

ILLINOIS DEPARTMENT OF TRANSPORTATION
AND ANN L. SCHNEIDER


By:   s/Michael A. Forti
      Michael A. Forti
      IL ARDC No. 3127929
      100 West Randolph Street, Suite 6-600
      Chicago, IL 60601
      (312) 793-2255
      Email: Michael.Forti@Illinois.gov

      Cindy K. Bushur-Hallam
      IL ARDC No. 6224594
      2300 South Dirksen Parkway, Room 313
      Springfield, IL 62794
      (217) 782-3215
      Email: cindy.bushur-hallam@illinois.gov

      *Special Assistant Attorneys General for*
      *Defendants Illinois Department of Transportation*
      *and Ann L. Schneider*

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on July 3, 2014, a copy of the foregoing *Response of Defendants Illinois Department of Transportation and Ann L. Schneider, Secretary, in Opposition to Motion to Remand* was filed electronically with the Northern District of Illinois. Notice of this filing will be sent to all counsel of record by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/ Michael A. Forti
_____
Michael A. Forti

Illinois Department of Transportation
100 West Randolph Street
Suite 6-600
Chicago, IL 60601
(312) 793-2255
Email: Michael.Forti@Illinois.gov

4831-6868-3036v3