UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| OPENLANDS, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | No. 14 CV 3912 |
| ) | |
| ILLINOIS DEPARTMENT OF ) | |
| TRANSPORTATION, *et al.*, ) | Hon. Marvin E. Aspen |
| ) | |
| Defendants. ) | |

**MEMORANDUM OPINION AND ORDER**

MARVIN E. ASPEN, District Judge:

Presently before us is Plaintiffs' motion to remand to state court, pursuant to 28 U.S.C. § 1447(c). Plaintiffs allege that the case should be remanded because their amended complaint presents state law claims only and that a federal court does not have subject matter jurisdiction to hear state taxpayer actions. (Mem. at 5–9.) Defendants Illinois Department of Transportation ("IDOT") and IDOT Secretary Ann L. Schneider argue that the case belongs in federal court because the Illinois Regional Planning Act, which Plaintiffs contend they violated, expressly requires compliance with the Federal-Aid Highway Act by state and local agencies. (Resp. at 1.) Defendants Board of the Chicago Metropolitan Agency for Planning and the MPO Policy Committee filed a joinder in opposition to Plaintiffs' motion to remand, which we hereby grant. (Joinder in Opp. at 1.) For the reasons we discuss below, we grant Plaintiffs' motion to remand.

**BACKGROUND**

Plaintiffs' amended complaint challenges the continued development of the proposed Illiana Tollway. (Am. Compl. at 1–2.) They allege violations of the Illinois Regional Planning Act, 70 ILCS 1707/1 *et seq.*, and the Public Private Agreements for the Illiana Expressway Act,

1

70 ILCS 130/1 *et seq.*, and they seek declaratory judgment under the Illinois Code of Civil procedure, 735 ILCS 5/2-701, and injunctive relief. (Mem. at 2.) According to Plaintiffs, Defendant MPO Policy Committee's approval of the proposed Illiana Tollway, without the required prior approval of the Defendant Chicago Metropolitan Agency for Planning ("CMAP"), was unauthorized, in violation of Section 60(c) of the Illinois Regional Planning Act. (*Id*. at 5.) They also contend that Defendants IDOT and Schneider are not legally authorized to spend public funds and otherwise further proceed with the proposed Illiana Tollway. (*Id*.)

On April 29, 2014, Judge David B. Atkins in the Circuit Court of Cook County issued an order allowing Plaintiffs to file a count under 735 ILCS 5/11-301 *et seq*., an Illinois statute that permits taxpayers to bring actions to enjoin State officials' illegal expenditure of public funds. (Mem, Exh. B.) Then, on May 28, 2014, Defendants filed a Notice of Removal asserting federal question jurisdiction. (Notice of Removal ¶ 5.) Thereafter, on June 16, 2014, Plaintiffs filed their motion to remand to state court, arguing that their amended complaint presents state law claims only and that a federal court does not have subject matter jurisdiction to hear state taxpayer actions. (Mem. at 1.)

## DISCUSSION

The party invoking federal jurisdiction bears the burden of establishing its existence, *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 104, 118 S. Ct. 1003, 1017 (1998). Under 28 U.S.C. § 1441(a), a case may be removed to federal court only if the federal district court has original jurisdiction, pursuant to 28 U.S.C. § 1331, to hear civil actions "arising under" federal law. Original jurisdiction may be established in two ways: (1) if federal law creates the asserted cause of action; (2) if a state law claim necessarily raises a federal issue. *Gunn v. Minton*, — U.S. —, 133 S. Ct. 1059, 1064–65 (2013); *Grable & Sons Metal Prods. v. Darue Eng'g & Mfg.*,

2

545 U.S. 308, 312, 125 S. Ct. 2363, 2367 (2005); *Franchise Tax Bd. v. Construction Laborers Vacation Trust*, 463 U.S. 1, 27–28, 103 S. Ct. 2841, 2856 (1983). Defendants argue that this case falls into the latter category. (Resp. at 5–9.) As the Supreme Court stated in *Gunn*, this is a "special and small category of cases." *Gunn*,—U.S.—, 133 S. Ct. at 1065. In these special cases, "federal jurisdiction over a state law claim will lie if a federal issue is: (1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress." *Gunn*, —U.S.—, 133 S. Ct. at 1065. For the following reasons, we find that Defendants have not met their burden of establishing the first element.

Although we agree with Plaintiffs that their amended complaint does not allege that Defendants violated the Federal-Aid Highway Act or any other federal law, (Reply at 5), we must look to determine whether the Illinois Regional Planning Act, 70 ILCS 1707/609(c), "necessarily raises a federal issue." *Gunn*,—U.S. —, 133 S. Ct. at 1065. Defendants argue that "because the Illinois Regional Planning Act expressly requires compliance with the Federal-Aid Highway Act . . . Plaintiffs' claims present an embedded federal question[.]" (Resp. at 2 (citing *Grable & Sons Metal Prods., Inc.* 545 U.S. 308, 125 S. Ct. 2363).) We take a closer look at Plaintiffs' amended complaint.

In their amended complaint, Plaintiffs describe the Federal-Aid Highway Act's requirements that it imposes on projects receiving federal financial assistance. (Am. Compl. ¶ 20.) The amended complaint also addresses how the Illinois Regional Planning Act, through which Illinois has implemented the Federal-Aid Highway Act's requirements, expressly requires compliance with federal law in the obligations it imposes on state and local agencies. (*Id*. ¶¶ 23–28.) Lastly, Section 60(c) of the Illinois Regional Planning Act provides that the Defendant

3

CMAP Board "shall develop and adopt a process for making" transportation decisions that are required under federal statutes like the Federal-Aid Highway Act. 70 ILCS 1707/609(c).

Plaintiffs address Section 60(c) as two distinct requirements. (Reply at 5–6.) First, the process for making transportation decisions "shall comply with all applicable federal requirements." (*Id.*) Second, the process "shall ensure that all MPO plans, reports, and programs shall be approved by the CMAP Board prior to final approval by the MPO [Policy Committee]." (*Id.*) According to Plaintiffs, they are only alleging that Defendants violated the second requirement, not the first. (*Id.*)

Plaintiffs claim is that the proposed Illiana Tollway did not receive the CMAP Board's requisite prior approval. This claim is a state-specific requirement because it arises only from Section 60(c) of the Illinois Regional Planning Act and not, necessarily, federal law. Unlike Section 60(c)'s requirement that the process for making transportation decisions shall comply with federal law (which Plaintiffs do not allege Defendants violated), Section 60(c)'s requirement with respect to CMAP Board's approval does not "necessarily arise" from requirements under the Federal-Aid Highway Act. Just because the Federal-Aid Highway Act requires a process that complies with applicable federal requirements does not necessarily give rise to the specific requirement under Section 60(c) that all MPO plans must be approved by the CMAP Board prior to final approval by the MPO Policy Committee. The mere presence of a federal issue in a lawsuit is not sufficient to create federal question jurisdiction.

On the rare occasion that courts find federal question jurisdiction in the absence of a federal cause of action, they do so because "[d]eciding an issue of federal law was inescapable, and the national government itself was vitally concerned about the outcome." *Hartland Lakeside Joint No. 3 Sch. Dist. v. WEA Ins. Corp.*, No. 13-3787, 2014 WL 2915919, at *3 (7th Cir. June

4

27, 2014). The Seventh Circuit found that, unlike *Grable*, deciding an issue of federal law was *not* inescapable in *Hartland*. *Id*. at *6. Even if the defendants complied with federal law in that case, their conduct could still violate state law, which was the crux of the plaintiffs' action. *Id*. at *3. Therefore, the court found, the "suit does not 'necessarily' raise any issue of federal law." *Id*. Like *Hartland*, we cannot say in this case that deciding federal law is inescapable for purposes of determining whether Defendants violated Section 60(c) of the Illinois Regional Planning Act. The MPO Policy Committee's vote to approve the Illiana Tollway without the prior approval of the CMAP Board does not necessarily violate the Federal-Aid Highway Act. Were we to find otherwise, we would risk "federalizing" state law.

The cases that Defendants raise in their response are distinguishable. (*See* Resp. at 4–5.) This case is unlike *Grable* where the court found that the plaintiff's claim depended on the interpretation of federal law. *Grable & Sons Metal Products, Inc.*, 545 U.S. at 311, 125 S. Ct. at 2366. Here, Section 60(c) of the Illinois Regional Planning Act does not necessarily require an interpretation of the Federal-Aid Highway Act. This case is also unlike *Rhode Island Fisherman's Alliance, Inc.* in which the First Circuit concluded that there was federal jurisdiction because the main issue was whether federal law required the Department of Environmental Management to Enact the regulations. *Rhode Is. Fishermen's Alliance, Inc. v. Rhode Is. Dept. of Envtl. Mgt*., 585 F.3d 42, 49 (1st Cir. 2009). Here, the Federal-Aid Highway Act does not specifically require that CMAP first approve the transportation decision. Lastly, Defendants point to *In re Pharmaceutical Industry Average Wholesale Price Litigation* where the district court denied the State of Arizona's motion to remand, concluding that "the meaning of [Average Wholesale Price] in the federal Medicare statute is a substantial federal issue that properly belongs in federal court." *In re Pharm. Indus. Average Wholesale Price Litig*., 457 F. Supp. 2d

77, 80 (D. Mass. 2006). Plaintiffs' claim that Defendants violated Section 60(c) by proceeding with the Illiana Tollway proposal without CMAP's requisite approval does not necessarily raise a "substantial federal issue that properly belongs in federal court." *See id.* at 80. Accordingly, this case is unlike the cases that Defendants cite. Here, Plaintiffs' claim regarding Defendants' alleged violation of state law does not necessarily raise a federal issue. *Gunn*, —U.S.—, 133 S. Ct. at 1065.

Defendants may argue that they are not obligated to comply with Section 60(c) of the Illinois Regional Planning Act's state-specific requirement that the CMAP Board approve transportation plans and programs prior to final approval by the MPO Policy Committee, but that would be a defense. A federal defense does not warrant removal of an action from state court. *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 393, 107 S. Ct. 2425, 2430 (1987) ("[A] case may *not* be removed to federal court on the basis of a federal defense, including the defense of preemption, even if the defense is anticipated in the plaintiff's complaint, and even if both parties concede that the federal defense is the only question truly at issue.") (emphasis in original). We find that Defendants have failed to meet their burden of demonstrating federal subject matter jurisdiction under 28 U.S.C. § 1331.[1]

## CONCLUSION

For the reasons discussed above, we grant Plaintiffs' motion to remand to state court. It is so ordered.

_____
Marvin E. Aspen
United States District Judge

Dated: Chicago, Illinois
       August 6, 2014

---

[1] Because we find that the amended complaint presents only state law claims, and, accordingly, that we lack jurisdiction, we do not address the parties' arguments as to Plaintiffs' standing.